*Lane, judge,
delivered the opinion of the court:
The certificate of acknowledgment, in this case, does not state ¡that the wife, the present complainant, was made acquainted with ¡the contents of the deed; nor does it state that she sealed and deilivered it, unless this can be gathered, by implication, from the terms “she acknowledged the within indenture to be her act and -deed,” which acknowledgment she is certified to have made conjointly with her husband.
The statute of 1805 regulates the acknowledgment of this deed. A construction was given to this statute, in the case of Brown v. Farran, 3 Ohio, 140, referred to by the counsel on both sides in this ca^e. In that case, it is held that the certificate of acknowledgment must show, either in express terms, or by necessary implication, a compliance with every substantial requisition of law. Before the rights of the wife to lands are affected, section 2 requires. 1. A separate examination, 2. That the wife be made acquainted with the full contents of the deed. 3. An aeknowl *363 edgment that she voluntarily sealed and delivered it. In this ease, we are not compelled to decide, whether the facts of sealing and delivery are shown, either directly, or by “irresistible inference ” from the acknowledgment of the indenture as her deed. It is sufficient for present purposes that the certificate of acknowledgment does not show that the contents of the deed were made known to the wife. This is a fatal omission, which prevents the acknowledgment from barring the complainant’s right to recover.
Decree for complainant.